UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RICHAWNDA MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:24-CV-147-KAC-JEM ) |
| ARAMARK, and EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) |
| Defendants. | ) |

# ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1] and Application to Proceed in Forma Pauperis with Supporting Documentation ("Application") [Doc. 2].

For the reasons more fully stated below, the Court **GRANTS** her Application [**Doc. 2**] and will therefore allow Plaintiff to file her Complaint without the payment of costs. The undersigned **RECOMMENDS** that the District Judge **DISMISS** the Equal Employment Opportunity Commission as a Defendant but allow her discrimination and retaliation claims to proceed against Aramark.

**I.     DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 2] with the required detailing of her financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*,

1

915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has no income and only a few assets. Considering Plaintiff's Application, it appears to the Court that her economic status is such that she cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A. **Summary of the Complaint**

Plaintiff states that her action arises from Title VII of the Civil Rights Act of 1964 [Doc. 1 p. 1]. She files suit against her former employer, Aramack, and the Equal Employment Opportunity Commission ("EEOC") [*Id.*]. She states that in 2022, she was wrongfully terminated and had her wages withheld [*Id.* at 2]. She began working for Defendant Aramack in September 2011 [Doc. 1-1 p. 1]. Over the course of her employment, she "experienced several acts of discrimination[,]" which she reported to Debbie Lynch in human resources [*Id.* at 1]. For example, at some point, Plaintiff was terminated but reinstated after "the [h]igher [u]ps" determined her termination was racist [*Id.*]. Upon return, she was retaliated against and had her wages withheld [*Id.*]. She alleges

3

that on various occasions, she was treated differently than her white co-workers [*Id*. at 1–2]. She also claims that "all the issues came about because [she] spoke to management about sexual harassment" [*Id.* at 1].

In June 2022, Plaintiff was injured in a car accident and became disabled [*Id.* at 2]. She asked for several accommodations, but her employer would not provide any [*Id.*]. Plaintiff claims that she was "demoted from a lead position due to [her] disability" [Doc. 1 p. 3].[2]

Further, she states that in March 2022, management gave employees permission to take food home [Doc. 1-1 p. 3]. Based on management's permission, she and another white employee later prepared food to take home [*Id.*]. She was questioned on why she took food home and was accused of stealing it, but her white co-worker was not [*Id.*] She was suspended over the incident and terminated three days later [*Id.*].

With respect to the EEOC, Plaintiff alleges that she filed a complaint with the EEOC and that it "let is sit there" [Doc. 1 p. 2]. She originally filed it in another district, and the EEOC told Plaintiff to refile in Tennessee [*Id.*]. According to Plaintiff, the EEOC "failed to handle [the] case properly and let it sit until time ran out omitting evidence that was presented and refused to reconsider the case after [she] questioned why an amendment wasn't made to [her] ADA's retaliation case" [*Id.*].

Based on the above, she requests that the Court "find out why no investigation took place and why [she] was treated th[at] way" [Doc. 1 p. 3]. She was also supposed to receive a raise but was not provided back pay, vacation, or paid time off [*Id.*]. She also seeks emotional damages [*Id.*].

---

[2] Plaintiff attaches a Certification of Disability signed by Dr. Devin Bastain, who describes her disability as "a lumbar radiculopathy, limiting her disability to walk 200 feet" [Doc. 1-1 p. 4].

4

## B. Screening of the Complaint

Starting with the claims against Defendant Aramark, Plaintiff alleges race and disability discrimination and retaliation. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It also prohibits retaliation against employees who oppose discriminatory employment practices. 42 U.S.C. § 2000e-3(a); *Carrethers v. Speer*, 698 F. App'x 266, 270 (6th Cir. 2017) ("Title VII prohibits retaliation against an employee because she opposed a prohibited employment practice—such as racial or sexual harassment[.]" (citation omitted)). Under the ADA, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

In order to state a claim of discrimination under these statutes, the plaintiff must allege sufficient facts to support an inference that the defendant discriminated against him because of his race or disability. *See Hazen v. Cleveland Clinic Found.*, No. 1:21-CV-01965, 2022 WL 3083027, at *4 (N.D. Ohio July 29, 2022) ("To state a claim of disability discrimination under the ADA, a plaintiff 'must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation,' and (3) she suffered and adverse employment action because of her disability." (quoting *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020))); *Flynn v. Memphis Pathology Lab'y (AEL)*, No. 2:19-2882-CV, 2020 WL 5801087, at *4 (W.D. Tenn. Sept. 29, 2020) ("It is axiomatic that, to state a claim of race discrimination under Title VII, the plaintiff must plead facts which allow the

5

court to infer that the employer's wrongful [conduct] related to the plaintiff's race." (citations omitted)).

At the pleading stage, a plaintiff is not required to plead a prima facie case of discrimination. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002); *see also Shaw v. Prologistix*, No. 2:24-CV-2219, 2024 WL 2378944, at *2 (W.D. Tenn. May 23, 2024) (noting that the plaintiff does not have to plead a prima facie case when screening the complaint (citing cases)). "All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard." *Hood v. City of Memphis Pub. Works Div.*, No. 17-2869, 2018 WL 2387102, at *3 (W.D. Tenn. Jan. 8, 2018) (citation omitted), *report and recommendation adopted*, No. 17-CV-2869, 2018 WL 648377 (W.D. Tenn. Jan. 31, 2018).

Plaintiff includes several allegations of race discrimination. For instance, she alleges that she was terminated when she took food home, but a white co-worker was not terminated for doing the same [Doc. 1-1 p. 3]. Based on her allegations and considering her pro se status, the undersigned recommends that Plaintiff's race discrimination claim proceeds beyond the initial screening phase. *See Sanders v. D&S Residential Servs.*, No. 3:22-CV-176, 2023 WL 1099758, at *3 (E.D. Tenn. Jan. 30, 2023) (recommending that the plaintiff's employment discrimination claims pass the screening phase because she alleged that the "[d]efendant hired younger, white females and paid them more money than Plaintiff"), *report and recommendation adopted*, No. 3:22-CV-176, 2023 WL 2531482 (E.D. Tenn. Mar. 15, 2023); *Gillespie v. Magee*, No. 17-2726, 2017 WL 4899300, at *4 (W.D. Tenn. Oct. 11, 2017) (allowing plaintiff's race discrimination claim to pass the initial screening process because she alleged that she was "subjected to adverse employment decisions while working for [the defendant] including termination . . . . [and] that she was treated differently from white employees"), *report and*

*recommendation adopted*, No. 2:17-CV-2726, 2017 WL 4898845 (W.D. Tenn. Oct. 30, 2017). Similarly, with respect to her allegation of disability discrimination, she claims that she was not able to stand due to her disability, but Aramark would not provide her a chair; she was written up for attending physical therapy appointments and not offered leave under the Family Medical Leave Act;[3] and was demoted due to her disability [Doc. 1-1 p. 2]. *See Gill v. Walmart*, No. 3:23-CV-01370, 2024 WL 420125, at *1 (M.D. Tenn. Feb. 5, 2024) (allowing the plaintiff's claims to proceed because he alleged "that he was injured on the job, was wrongly disciplined because of the accident, took medical leave in order to have a procedure to address his medical condition, was denied a requested accommodation upon his return to work, and was ultimately discharged 'because of [his] disabilities'" (alteration in original) (citation omitted)).

Finally, with respect to her retaliation claims, she pleads that she spoke with "[h]igher [u]ps" after being terminated the first time over racist conduct and upon her reinstatement, her wages were withheld [Doc. 1-1 p. 1]. She also states that "all the issues came about because [she] spoke to management about sexual harassment" [*Id*.].[4] Considering the liberal pleading standards, and Plaintiff's pro se status, the undersigned recommends these retaliation claims proceed beyond the initial screening phase. *Carrethers v. Speer*, 698 F. App'x 266, 270 (6th Cir. 2017) ("[A] plaintiff's complaint must show that (1) she engaged in protected activity under Title VII, (2) the defendant was aware of this activity, (3) she was subjected to an adverse employment action by

---

[3]   It appears to the undersigned that Plaintiff is alleging that taking FMLA leave would be a reasonable accommodation. *Schobert v. CSX Transp. Inc.*, 504 F. Supp. 3d 753, 790 (S.D. Ohio 2020) (explaining that under certain circumstances "FMLA leave that can double as a reasonable accommodation").

[4]   Although it is not clear, it appears "all the issues" refers to Plaintiff being omitted from an employee appreciation event and her being written up on various occasions [*See* Doc. 1-1 p. 1].

7

the defendant, and (4) there was a causal connection between the protected activity and the adverse employment action." (citation omitted)).[5]

With respect to the EEOC, Plaintiff's allegations against it stem from her dissatisfaction with the way it handled her complaint. "It is well established, however, that 'Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing [a complaint].'" *McCall v. Kane*, No. CV 20-287, 2020 WL 2200367, at *2 (W.D. Pa. Apr. 13, 2020) (alteration in original) (quoting *Ponton v. AFSCME, AFI-CIO*, 395 F. App'x 867, 872 (3d Cir. 2010)), *report and recommendation adopted*, No. CV 20-287, 2020 WL 2199854 (W.D. Pa. May 6, 2020), *aff'd*, No. 20-2002, 2022 WL 266040 (3d Cir. Jan. 28, 2022)); *Conyers v. EEOC*, No. CIV.A. 11-437, 2013 WL 1966110, at *2 (D.N.J. May 10, 2013) (explaining that "[t]he circuits which have addressed the issue have uniformly held that no cause of action against the EEOC exists for challenges to its processing of a claim" (alteration in original) (citations omitted)).

---

[5] Plaintiff includes a letter from Tom Harris, a supervisor with the Department of Labor and Workforce Development [Doc. 1-1]. The letter states that Plaintiff filed a complaint and that the Tennessee Occupational Safety and Health Administration ("TOSHA") initiated an inspection on April 14, 2023 [Doc. 1-1 p. 15]. Plaintiff's Complaint states that she was written up when she refused to serve chicken that was not at the correct temperature pursuant to food safety standards [Doc. 1-1 p. 1]. To the extent she is alleging she was written up in violation of TOSHA violations, that claim would be subject to dismissal. *See McCarthy v. G.UB.MK Constructors*, No. 3:14-CV-472, 2017 WL 1031980, at *7 (E.D. Tenn. Mar. 15, 2017) ("Similar to OSHA, TOSHA does not authorize plaintiff to bring a private cause of action based upon alleged violations of the statute." (citations omitted)); *see also Coley v. Pennakem, LLC*, No. 09–2780, 2010 WL 2197821, at *2–3 (W.D. Tenn. May 28, 2010) (dismissing a private cause of action for wrongful discharge based on alleged violations of the whistleblower-protection provisions of TOSHA).

## III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in Forma Pauperis with Supporting Documentation [**Doc. 2**][6] and **RECOMMENDS**[7] that the District Judge **DISMISS** Plaintiff's claims against the EEOC but allow her employment discrimination and retaliation claims to proceed against Aramark.[8]

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[6] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[8] Should the District Judge agree with this recommendation and allow this claim to proceed, this "does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12." *Bawcom v. Roades*, No. 3:22-CV-00923, 2023 WL 425376, at *4 (M.D. Tenn. Jan. 26, 2023).