UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RICHAWNDA MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:24-CV-147-KAC-JEM ) |
| ARAMARK, et al., | ) ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is United States Magistrate Judge Jill E. McCook's "Report and Recommendation" ("Report") entered on September 10, 2024 [Doc. 7]. On March 29, 2024, Plaintiff Richawnda Moore filed a pro se complaint against (1) Aramark, Plaintiff's former employer, and (2) the Equal Employment Opportunities Commission ("EEOC") [*See* Doc. 1]. Plaintiff alleges that Defendant Aramark discriminated against her because of her race and disability and unlawfully retaliated against her, in violation of the "Civil Rights Act of 1964," "Title VII," and the "ADA" [*See id.*]. Plaintiff sues Defendant EEOC because it allegedly "failed to handle [her] case properly" [*Id.* at 2]. The Report recommends that the Court (1) permit Plaintiff's claims against Defendant Aramark to proceed, and (2) dismiss Plaintiff's claim against Defendant EEOC [Doc. 7 at 1, 9].

Plaintiff did not object to the Report, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). After reviewing the record, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 7] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The Court:

(1) **PERMITS** Plaintiff's race and disability discrimination claims and her retaliation claims against Defendant Aramark to proceed;

(2) **DISMISSES** Plaintiff's claim against Defendant EEOC;

(3) **DIRECTS** the Clerk to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Aramark. Plaintiff **SHALL** complete the service packet and return them to the Clerk's Office within **twenty-one (21) days** of receipt of this Order. Once Plaintiff returns the service packet, the Clerk **SHALL** sign and seal the summons and forward it to the U.S. Marshal for service. *See* Fed. R. Civ. P. 4(c)(3). **If Plaintiff fails to timely return the completed service packet, the Court will dismiss this action.** Defendant Aramark **SHALL** answer or otherwise respond to the Complaint within twenty-one (21) days of the date of service; and

(4) **ORDERS** Plaintiff to immediately inform the Court and Defendant Aramark, or their counsel of record, of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within **fourteen (14) days** of any change in address will result in the dismissal of this action. Further, failure to prosecute this action diligently will result in the dismissal of the action.

SO ORDERED.

*[signature]*
KATHERINE A. CRYTZER
United States District Judge